GARY M. RESTAINO
United States Attorney
District of Arizona

GAYLE L. HELART
California State Bar No. 151861
Email: Gayle.Helart@usdoj.gov
LEIGHANN M. THOMAS
Illinois State Bar No. 6327687
Email: LeighAnn.Thomas@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

☐ FILED    ☒ LODGED

**Oct 19 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR- 22-1667-PHX-JJT (MTM) |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Thomas Everett Townsend, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, THOMAS EVERETT TOWNSEND, hereby agree to resolve this matter on the following terms and conditions:

1.  **PLEA**

The defendant will plead guilty to Count 1 of the Indictment, Possession with the Intent to Distribute Cocaine, a Controlled Substance, in violation of 21 United States Code (U.S.C.) §§ 841(a)(1) and 841(b)(1)(C), a Class C felony offense.

2.  **MAXIMUM PENALTIES**

a.    A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), is punishable by a maximum fine of $1,000,000, a maximum term of twenty years imprisonment, or both, and a term of supervised release of at least three years.  The maximum term of probation is five years (including a minim term of one year if probation is imposed).

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d.    The defendant understands and acknowledges that conviction of this offense may result in the defendant and the defendant's immediate family members losing eligibility for certain Welfare, Food Stamp, Social Security and other federal benefits pursuant to Title 21, United States Code, Sections 862 and 862a.

3.    <u>**AGREEMENTS REGARDING SENTENCING**</u>

a.    <u>Non-Binding Recommendations</u>.    The defendant understands that recommendations are not binding on the Court.  The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

b.    <u>Acceptance of Responsibility</u>.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

1    commission of the offense, and if the defendant demonstrates an acceptance of

2    responsibility for this offense up to and including the time of sentencing, the United

3    States will recommend a two-level reduction in the applicable Sentencing Guidelines

4    offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16

5    or more, the United States will move the Court for an additional one-level reduction in

6    the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

7            c.    Stipulation: Drug Quantity.  Pursuant to Fed. R. Crim. P.  11(c)(1)(C), the

8    United States and the defendant stipulate and agree that the quantity of cocaine (actual)

9    involved in the offense was 140.406 grams.

10          d.    Stipulation: Dangerous Weapon.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C),

11   the United States and the defendant stipulate and agree that a dangerous weapon, *i.e.* a

12   firearm, was possessed in connection with this offense, pursuant to U.S.S.G. §

13   2D1.1(b)(1).

14          e.    Stipulation:  Maintaining a Premises.   Pursuant to Fed. R. Crim. P.

15   11(c)(1)(C), the United States and the defendant stipulate and agree that defendant

16   maintained a premises for the purpose of distributing a controlled substance, pursuant to

17   U.S.S.G. § 2D1.1(b)(12)

18          f.    Stipulation: Sentencing Cap.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the

19   United States and defendant stipulate that defendant's sentence shall not exceed 27

20   months.  This stipulated sentencing cap will not change based on departures considered

21   under U.S.S.G. § 1B1.1(b).  Nothing in this agreement shall preclude defendant from

22   moving for a downward departure, variance, or sentence below the cap, or the court from

23   imposing a sentence below the cap.

24          g.    Assets and Financial Responsibility.   The defendant shall make a full

25   accounting of all assets in which the defendant has any legal or equitable interest.  The

26   defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend,

27   or transfer any such assets or property before sentencing, without the prior approval of

28   the United States (provided, however, that no prior approval will be required for routine,

1    day-to-day expenditures). The defendant also expressly authorizes the United States

2    Attorney's Office to immediately obtain a credit report as to the defendant in order to

3    evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

4    The defendant also shall make full disclosure of all current and projected assets to the

5    U.S. Probation Office immediately and prior to the termination of the defendant's

6    supervised release or probation, such disclosures to be shared with the U.S. Attorney's

7    Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant

8    shall participate in the Inmate Financial Responsibility Program to fulfill all financial

9    obligations due and owing under this agreement and the law.

10   **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

11        a.    The United States shall not prosecute the defendant for any additional

12   offenses committed by the defendant, and currently known to the United States, from the

13   facts determined in the current investigation. The defendant understands, however, that

14   the Court will take into account all the facts learned in the current investigation, including

15   those that supported the search warrant and relevant conduct. Pursuant to Fed. R. Crim.

16   P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss Count 2 of the

17   Indictment.

18        b.    This agreement does not, in any manner, restrict the actions of the United

19   States in any other district or bind any other United States Attorney's Office.

20   **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

21        a.    If the Court, after reviewing this plea agreement, concludes that any

22   provision contained herein is inappropriate, it may reject the plea agreement and give the

23   defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

24   11(c)(5).

25        b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

26   vacated, or reversed at any time, this agreement shall be null and void, the United States

27   shall be free to prosecute the defendant for all crimes of which it then has knowledge and

28   any charges that have been dismissed because of this plea agreement shall automatically

1    be reinstated.  In such event, the defendant waives any and all objections, motions, and

2    defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

3    restrictions in bringing later charges or proceedings.  The defendant understands that any

4    statements made at the time of the defendant's change of plea or sentencing may be used

5    against the defendant in any subsequent hearing, trial, or proceeding subject to the

6    limitations of Fed. R. Evid. 410.

7    **6.**     **WAIVER OF DEFENSES AND APPEAL RIGHTS**

8             The defendant waives (1) any and all motions, defenses, probable cause

9    determinations, and objections that the defendant could assert to the indictment or

10   information; and (2) any right to file an appeal, any collateral attack, and any other writ

11   or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

12   judgment against the defendant, or any aspect of the defendant's sentence, including the

13   manner in which the sentence is determined, including but not limited to any appeals

14   under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and

15   2255 (habeas petitions), and any right to file a motion for modification of sentence,

16   including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release

17   motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This

18   waiver shall result in the dismissal of any appeal, collateral attack, or other motion the

19   defendant might file challenging the conviction, order of restitution or forfeiture, or

20   sentence in this case.  This waiver shall not be construed to bar an otherwise-preserved

21   claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term

22   is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

23   **7.**     **DISCLOSURE OF INFORMATION**

24           a.     The United States retains the unrestricted right to provide information and

25   make any and all statements it deems appropriate to the U.S. Probation Office and to the

26   Court in connection with the case.

27           b.     Any information, statements, documents, and evidence that the defendant

28   provides to the United States pursuant to this agreement may be used against the

1    defendant at any time.

2        c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such

3    cooperation shall include providing complete and truthful responses to questions posed

4    by the U.S. Probation Office including, but not limited to, questions relating to:

5            (1)    criminal convictions, history of drug abuse, and mental illness; and

6            (2)    financial information, including present financial assets or liabilities

7    that relate to the ability of the defendant to pay a fine or restitution.

8    **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

9        a.    Nothing in this agreement shall be construed to protect the defendant from

10   administrative or civil forfeiture proceedings or prohibit the United States from

11   proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. §

12   3613, all monetary penalties, including restitution imposed by the Court, shall be due

13   immediately upon judgment and subject to immediate enforcement by the United States.

14   If the Court imposes a schedule of payments, the schedule of payments shall be merely a

15   schedule of minimum payments and shall not be a limitation on the methods available to

16   the United States to enforce the judgment.

17       The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the

18   defendant owns or over which the defendant exercises control, directly or indirectly, as

19   well as any property that is traceable to, derived from, fungible with, or a substitute for

20   property that constitutes the proceeds of his offense, or which was used to facilitate the

21   commission of his offense, including:

22       (1) a Maverick shotgun, Model 88 12-gauge, Serial Number MV15120G;

23       (2) a Zastava Serbia AK47, Model PAP M92PV, 7.62 caliber, Serial Number

24       M92PV024780;

25       (3) a Smith and Wesson 223 MP15, Serial Number TJ31245;

26       (4) a Glock 43 9mm pistol, Serial Number BASP520;

27       (5) body armor with four (4) plates;

28       (6) One (1) PMAG D60 – speed loader

1    (7) a flash bang device;

2    (8) assorted magazines for firearms; and

3    (9) numerous rounds of ammunition.

4    b.    The government does not intend to seek forfeiture of property located at

5    9555 East Raintree Drive, Unit 1055, Scottsdale, AZ, 85260, in connection with the

6    defendant's plea to Count 1 of this Indictment.

7    c.    The defendant further agrees to waive all interest in any such asset in any

8    administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

9    The defendant agrees to consent to the entry of orders of forfeiture for such property and

10   waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding

11   notice of the forfeiture in the charging instrument, announcement of the forfeiture at

12   sentencing, and incorporation of the forfeiture in the judgment.    The defendant further

13   understands and agrees that forfeiture of the assets is in accordance with both 21 U.S.C. §

14   853 and 18 U.S.C. § 982.

15   d.    Forfeiture of the defendant's assets shall not be treated as satisfaction of any

16   fine, restitution, cost of imprisonment, or any other penalty this court may impose upon

17   the defendant in addition to forfeiture.    This agreement does not preclude the United

18   States from instituting any civil or administrative proceedings as may be appropriate now

19   or in the future.

20   e.    The defendant agrees to waive all constitutional and statutory challenges in any

21   manner (including direct appeal, habeas corpus, double jeopardy or any other means) to

22   any forfeiture imposed as a result of this indictment and/or any pending or completed

23   administrative or civil forfeiture actions based upon the course of conduct that provides

24   the factual basis for the forfeiture, including that the forfeiture constitutes an excessive

25   fine or punishment.    The defendant agrees to take all steps as requested by the United

26   States to pass clear title to forfeitable assets to the United States, and to testify truthfully

27   in any judicial forfeiture proceeding.    Defendant acknowledges that all property covered

28   by this agreement is subject to forfeiture as proceeds of illegal conduct, property

1    facilitating illegal conduct, and substitute assets for property otherwise subject to

2    forfeiture, and that no other person or entity has a legitimate claim to these items listed.

3        f. Defendant agrees not to file a claim to any of the listed property in any civil

4    proceeding, administrative or judicial, which may be initiated. Defendant further agrees

5    that she will not contest civil, administrative or judicial forfeiture of the listed property.

6    Defendant agrees to waive her right to notice of any forfeiture proceeding involving this

7    property, and agrees not to file a claim or assist others in filing a claim in that forfeiture

8    proceeding.

9        g. The government reserves its right to proceed against any remaining assets not

10    identified either in this agreement or in any civil actions which are being resolved along

11    with this plea of guilty, including any property in which the defendant has any interest or

12    control, if said assets, real or personal, tangible or intangible were involved in money

13    laundering violations.

14    **9.**    **ELEMENTS**

15        **Possession with the Intent to Distribute Cocaine**

16        On or about November 16, 2022, in the District of Arizona:

17        1.    The defendant knowingly or intentionally possessed a mixture or substance

18        containing cocaine, a controlled substance;

19        2.    The defendant possessed the cocaine with the intent to distribute it; and,

20        3.    The controlled substance was cocaine.

21    **10.**    **FACTUAL BASIS**

22        a.    The defendant admits that the following facts are true and that if this matter

23    were to proceed to trial the United States could prove the following facts beyond a

24    reasonable doubt:

25        b.    On November 16, 2022, Defendant Thomas Everett Townsend, knowingly

26    and intentionally possessed, with intent to distribute, cocaine, a Schedule II controlled

27    substance. On ~~May~~ NOVEMBER 16, 2022, law enforcement was at TOWNSEND's residence in

28    Scottsdale, Arizona, to execute a lawfully obtained federal search warrant unrelated to

1    narcotics.    Upon entry, law enforcement officers observed firearms and different
2    substances that appeared consistent with illegal drugs.    Law enforcement obtained a
3    second lawful federal search warrant and seized the narcotics, paraphernalia, and firearms
4    within TOWNSEND's residence.

5        c.    In the residence, a total of 140.406 grams of cocaine was located consisting
6    of (1) .568 grams of powder in a Ziplock plastic bag; (2)  134 grams of powder in a
7    Ziplock plastic bag; (3) 2.105 grams of powder in a Ziplock plastic bag; (4)  1.313 grams
8    of powder in a Ziplock plastic bag; (5)  2.420 grams of powder on a marble plate; and (6)
9    residue on a cut plastic straw, silver metal object, glass vial, and blue ceramic plate.
10    TOWNSEND possessed 1.072 grams of ecstasy and 81 grams of marijuana.  Also present
11    were two sets of scales, small plastic baggies, and two money counters.

12        d.    Additionally, TOWNSEND possessed firearms, ammunition, body armor, and
13    a flash bag device; specifically: (1) a Maverick shotgun, Model 88 12 gauge, Serial
14    Number MV15120G; (2) a Zastava Serbia AK47, Model PAP M92PV, 7.62 caliber,
15    Serial Number M92PV024780;  (3) a Smith and Wesson 223 MP15, Serial Number
16    TJ31245; (4) a Glock 43 9mm pistol, Serial Number BASP520; (5) body armor with four
17    plates;  (6) One (1) PMAG D60 – speed loader; (7) a flash bang device;  (8)  assorted
18    magazines for firearms; and (9) 22 boxes plus several other rounds of ammunition.

19        d.    The defendant shall swear under oath to the accuracy of this statement and,
20    if the defendant should be called upon to testify about this matter in the future, any
21    intentional material inconsistencies in the defendant's testimony may subject the
22    defendant to additional penalties for perjury or false swearing, which may be enforced by
23    the United States under this agreement.

24        **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

25        I have read every part of this agreement and I have carefully reviewed every part of it
26    with my attorney.  I understand it and I voluntarily agree to it.

27        I have discussed the case and my constitutional and other rights with my attorney.
28    I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

1    to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

2    present evidence in my defense, to remain silent and refuse to be a witness against myself

3    by asserting my privilege against self-incrimination, all with the assistance of counsel,

4    and to be presumed innocent until proven guilty beyond a reasonable doubt.

5        I agree to enter my guilty plea as indicated above on the terms and conditions set

6    forth in this agreement.

7        I have been advised by my attorney of the nature of the charges to which I am

8    entering my guilty plea.  I have further been advised by my attorney of the nature and

9    range of the possible sentence and that my ultimate sentence shall be determined by the

10   Court after consideration of the advisory Sentencing Guidelines.

11       My guilty plea is not the result of force, threats, assurances, or promises, other

12   than the promises contained in this agreement.  I voluntarily agree to the provisions of

13   this agreement and I agree to be bound according to its provisions.

14       I understand that if I am granted probation or placed on supervised release by the

15   Court, the terms and conditions of such probation/supervised release are subject to

16   modification at any time. I further understand that if I violate any of the conditions of my

17   probation/supervised release, my probation/supervised release may be revoked and upon

18   such revocation, notwithstanding any other provision of this agreement, I may be

19   required to serve a term of imprisonment or my sentence otherwise may be altered.

20       This written plea agreement, and any written addenda filed as attachments to this

21   plea agreement, contain all the terms and conditions of the plea.   Any additional

22   agreements, if any such agreements exist, shall be recorded in a separate document and

23   may be filed with the Court under seal; accordingly, additional agreements, if any, may

24   not be in the public record.

25       I further agree that promises, including any predictions as to the Sentencing

26   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

27   (including my attorney) that are not contained within this written plea agreement, are null

28   and void and have no force and effect.

- 10 -

1        I am satisfied that my defense attorney has represented me in a competent manner.

2        I fully understand the terms and conditions of this plea agreement.  I am not now

3    using or under the influence of any drug, medication, liquor, or other intoxicant or

4    depressant that would impair my ability to fully understand the terms and conditions of

5    this plea agreement.

6    9/26/2023

7    Date                                THOMAS EVERETT TOWNSEND
                                     Defendant

8

9    **APPROVAL OF DEFENSE COUNSEL**

10        I have discussed this case and the plea agreement with my client in detail and have

11    advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

12    constitutional and other rights of an accused, the factual basis for and the nature of the

13    offense to which the guilty plea will be entered, possible defenses, and the consequences

14    of the guilty plea including the maximum statutory sentence possible.  I have further

15    discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

16    assurances, promises, or representations have been given to me or to the defendant by the

17    United States or any of its representatives that are not contained in this written

18    agreement.  I concur in the entry of the plea as indicated above and that the terms and

19    conditions set forth in this agreement are in the best interests of my client.  I agree to

20    make a bona fide effort to ensure that the guilty plea is entered in accordance with all the

21    requirements of Fed. R. Crim. P. 11.

22    ~~I translated or had translated this agreement from English into Spanish to the~~

23    ~~defendant on the _____ day of _____, 2023.~~

24    9/26/2023

25    Date                                MATTHEW W. BARTZ
                                   Attorney for Defendant

26

27

28

- 11 -

1
2          **APPROVAL OF THE UNITED STATES**

3          I have reviewed this matter and the plea agreement. I agree on behalf of the

4   United States that the terms and conditions set forth herein are appropriate and are in the

5   best interests of justice.

6                                        GARY M. RESTAINO
                                         United States Attorney
7                                        District of Arizona

8                                                        Digitally signed by GAYLE HELART
                                        *Gayle L Helart*   Date: 2023.09.28 11:02:43 -07'00'
9   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    Date                                  Gayle L. Helart / LeighAnn M. Thomas
10                                        Assistant U.S. Attorney

11         **ACCEPTANCE BY THE COURT**

12

13
    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    Date                                  HONORABLE JOHN J. TUCHI
14                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28