GARY M. RESTAINO
United States Attorney
District of Arizona

GAYLE L. HELART
California State Bar No. 151861
Email: Gayle.Helart@usdoj.gov
LEIGHANN M. THOMAS
Illinois State Bar No. 6327687
Email: LeighAnn.Thomas@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

☐ FILED ☒ LODGED
Oct 19 2023
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

☒ FILED ☐ LODGED
Feb 15 2024
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Thomas Everett Townsend,<br>Defendant. | CR- 22-1667-PHX-JJT (MTM)<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, THOMAS EVERETT TOWNSEND, hereby agree to resolve this matter on the following terms and conditions:

**1. PLEA**

The defendant will plead guilty to Count 1 of the Indictment, Possession with the Intent to Distribute Cocaine, a Controlled Substance, in violation of 21 United States Code (U.S.C.) §§ 841(a)(1) and 841(b)(1)(C), a Class C felony offense.

**2. MAXIMUM PENALTIES**

a. A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), is punishable by a maximum fine of $1,000,000, a maximum term of twenty years imprisonment, or both, and a term of supervised release of at least three years. The maximum term of probation is five years (including a minim term of one year if probation is imposed).

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant understands and acknowledges that conviction of this offense may result in the defendant and the defendant's immediate family members losing eligibility for certain Welfare, Food Stamp, Social Security and other federal benefits pursuant to Title 21, United States Code, Sections 862 and 862a.

**3. AGREEMENTS REGARDING SENTENCING**

a. Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

b. Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

c. Stipulation: Drug Quantity. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the quantity of cocaine (actual) involved in the offense was 140.406 grams.

d. Stipulation: Dangerous Weapon. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that a dangerous weapon, *i.e.* a firearm, was possessed in connection with this offense, pursuant to U.S.S.G. § 2D1.1(b)(1).

e. Stipulation: Maintaining a Premises. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that defendant maintained a premises for the purpose of distributing a controlled substance, pursuant to U.S.S.G. § 2D1.1(b)(12)

f. Stipulation: Sentencing Cap. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate that defendant's sentence shall not exceed 27 months. This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

g. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine,

day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4. <u>AGREEMENT TO DISMISS OR NOT TO PROSECUTE</u>**

a. The United States shall not prosecute the defendant for any additional offenses committed by the defendant, and currently known to the United States, from the facts determined in the current investigation. The defendant understands, however, that the Court will take into account all the facts learned in the current investigation, including those that supported the search warrant and relevant conduct. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss Count 2 of the Indictment.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5. <u>COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION</u>**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically

be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6. <u>WAIVER OF DEFENSES AND APPEAL RIGHTS</u>**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7. <u>DISCLOSURE OF INFORMATION</u>**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the

defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or which was used to facilitate the commission of his offense, including:

(1) a Maverick shotgun, Model 88 12-gauge, Serial Number MV15120G;

(2) a Zastava Serbia AK47, Model PAP M92PV, 7.62 caliber, Serial Number M92PV024780;

(3) a Smith and Wesson 223 MP15, Serial Number TJ31245;

(4) a Glock 43 9mm pistol, Serial Number BASP520;

(5) body armor with four (4) plates;

(6) One (1) PMAG D60 – speed loader

(7) a flash bang device;

(8) assorted magazines for firearms; and

(9) numerous rounds of ammunition.

b. The government does not intend to seek forfeiture of property located at 9555 East Raintree Drive, Unit 1055, Scottsdale, AZ, 85260, in connection with the defendant's plea to Count 1 of this Indictment.

c. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is in accordance with both 21 U.S.C. § 853 and 18 U.S.C. § 982.

d. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

e. The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property

facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

f. Defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further agrees that she will not contest civil, administrative or judicial forfeiture of the listed property. Defendant agrees to waive her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

g. The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in money laundering violations.

**9. <u>ELEMENTS</u>**

**Possession with the Intent to Distribute Cocaine**

On or about November 16, 2022, in the District of Arizona:

1. The defendant knowingly or intentionally possessed a mixture or substance containing cocaine, a controlled substance;
2. The defendant possessed the cocaine with the intent to distribute it; and,
3. The controlled substance was cocaine.

**10. <u>FACTUAL BASIS</u>**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b. On November 16, 2022, Defendant Thomas Everett Townsend, knowingly and intentionally possessed, with intent to distribute, cocaine, a Schedule II controlled substance. On ~~May~~ NOVEMBER 16, 2022, law enforcement was at TOWNSEND's residence in Scottsdale, Arizona, to execute a lawfully obtained federal search warrant unrelated to

narcotics. Upon entry, law enforcement officers observed firearms and different substances that appeared consistent with illegal drugs. Law enforcement obtained a second lawful federal search warrant and seized the narcotics, paraphernalia, and firearms within TOWNSEND's residence.

c. In the residence, a total of 140.406 grams of cocaine was located consisting of (1) .568 grams of powder in a Ziplock plastic bag; (2) 134 grams of powder in a Ziplock plastic bag; (3) 2.105 grams of powder in a Ziplock plastic bag; (4) 1.313 grams of powder in a Ziplock plastic bag; (5) 2.420 grams of powder on a marble plate; and (6) residue on a cut plastic straw, silver metal object, glass vial, and blue ceramic plate. TOWNSEND possessed 1.072 grams of ecstasy and 81 grams of marijuana. Also present were two sets of scales, small plastic baggies, and two money counters.

d. Additionally, TOWNSEND possessed firearms, ammunition, body armor, and a flash bag device; specifically: (1) a Maverick shotgun, Model 88 12 gauge, Serial Number MV15120G; (2) a Zastava Serbia AK47, Model PAP M92PV, 7.62 caliber, Serial Number M92PV024780; (3) a Smith and Wesson 223 MP15, Serial Number TJ31245; (4) a Glock 43 9mm pistol, Serial Number BASP520; (5) body armor with four plates; (6) One (1) PMAG D60 – speed loader; (7) a flash bang device; (8) assorted magazines for firearms; and (9) 22 boxes plus several other rounds of ammunition.

d. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read every part of this agreement and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

9/26/2023
Date

THOMAS EVERETT TOWNSEND
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

~~I translated or had translated this agreement from English into Spanish to the defendant on the ________ day of ________________, 2023.~~

9/26/2023
Date

MATTHEW W. BARTZ
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

Digitally signed by GAYLE HELART
Date: 2023.09.28 11:02:43 -07'00'

Date

Gayle L. Helart / LeighAnn M. Thomas
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

2/15/2024
Date

HONORABLE JOHN J. TUCHI
United States District Judge